```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**MATTHEW KING,**

                **Plaintiff,**

    vs.                                    Civil Action 2:15-cv-887
                                              Magistrate Judge King

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

## OPINION AND ORDER

Plaintiff Matthew King appealed the Commissioner's denial of his applications for disability insurance benefits and supplement security income. Upon joint motion of the parties, *Joint Motion to Remand to the Commissioner*, ECF No. 23, the decision of the Commissioner was reversed and the matter was remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further proceedings. *Order*, ECF No. 24. Plaintiff was thereafter awarded his attorney fees, costs, and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $ 3,050.00. *Order*, ECF No. 28. This matter is now before the Court on the motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), *Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b)(1)*, ECF No. 29.[1] The Commissioner does not oppose the motion. *Defendant's Response to Plaintiff's Attorney's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b)*, ECF No. 32.

Following remand, the Commissioner awarded benefits to plaintiff,

---

[1] Plaintiff's counsel represents that "[a]ny amount received under the EAJA will be returned to the claimant to prevent double recovery of fees." *Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b)(1),* PageID# 1171.

1

*Notice of Award*, ECF No. 29-1; *Notice of Award*, ECF No. 29-2; *Notice of Award*, ECF No. 29-3; *Notice of Award*, ECF No. 29-4, and withheld $29,734.50, which represents 25% of his past due benefits. *Id.* Plaintiff's counsel itemized 15.8 hours of work on plaintiff's behalf before this Court, *Counsel's Hours*, ECF No. 29-6, and avers that her customary hourly rate is $350 per hour, *Affidavit of Marcia Margolius,* ¶ 4, ECF No. 29-7. The fee requested reflects compensation at the rate of $350.00 per itemized hour of work. Plaintiff and his counsel agreed to an attorney fee of 25% of the past due benefits. *Attorney/Client Fee Agreement*, ECF No. 29-5.

By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the total past-due benefits." 42 U.S.C. § 406(b). A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made. 20 C.F.R. §§ 404.925(b); 416.1525(b). A fee agreement between a recipient and his counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter. *Hayes v. Sec'y of Health &*

2

*Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id*. at 422.  In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon consideration of all the appropriate factors, and in light of the Commissioner's determination not to oppose the motion, the Court concludes that the requested fee is reasonable.  It is far less than 25% of the past due benefits, plaintiff signed a fee agreement consistent with the requested fee, the requested fee does not reflect a rate of compensation more than twice the standard rate, and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case. The Court therefore determines that $ 5,530.00 is a reasonable fee.

The *Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b)(1)*, ECF No. 29, is **GRANTED**. The Court **AWARDS** plaintiff's counsel an attorney's fee of $ 5,530.00, or twenty-five percent (25%) of the past due benefits, whichever is less.

                                          *s/Norah McCann King*
                                          Norah M<sup>c</sup>Cann King
                            United States Magistrate Judge

November 28, 2016